

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 46 |
| | ) | 05 C 3558 |
| BADI SALAMA | ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

The Defendant, Badi Salama, was charged in an eleven-count indictment with conspiracy, bank fraud, and possession of counterfeit checks. The Defendant pleaded guilty and was sentenced. Pursuant to § 2255, the Defendant now challenges his sentence on the grounds that his counsel was ineffective, as specifically set out below.

## BACKGROUND

The Defendant has been represented by three attorneys, individually. The day after the Defendant's arrest, on January 16, 2003, Attorney Luis Galvan entered an appearance for Defendant. Less than two weeks later, on January 23, 2003, the appearance of Luis Galvan was withdrawn; and Attorney Steven Shanin was appointed to represent the Defendant.
On May 14, 2003, the Defendant and Shanin made oral motions to withdraw the representation of Shanin, both cited irreconcilable differences. The Court granted the motion to withdraw the appearance of Shanin. On June 26, 2003, Attorney Stephen Eberhardt was appointed and entered an appearance on behalf of the Defendant.

On January 23, 2004, one month before his trial was set to begin, the Defendant filed a motion to dismiss Attorney Eberhardt. In his motion, the Defendant stated that Eberhardt had

1

never met with him and that he had difficulty contacting Eberhardt at his office telephone number. The Defendant's motion was heard on February 3, 2004. The Defendant's motion was discussed in full. The Court provided the Defendant with the opportunity to discharge his appointed counsel. The Defendant declined to do so and withdrew his motion to dismiss Eberhardt, and Eberhardt continued to represent the Defendant.

On March 11, 2004, the Defendant entered a guilty plea. The Defendant reserved the right to argue that his criminal history points were less than 10 and his criminal history category was less than V. Plea Agreement, ¶ 6(j). On June 8, 2004, following his guilty plea, and consistent with the disputed provision in Paragraph 6(j), Defendant's counsel, Eberhardt, filed "corrections and objections" to the Presentence Investigation Report. On June 16, 2004, the Defendant was sentenced. At sentencing, Eberhardt again challenged the PSR's calculation regarding the Defendant's criminal history determined in the PSR. The Court sentenced Defendant to 120 months' imprisonment for bank fraud (Count Eleven) in March 2004, the low end of the applicable guideline range.

The Defendant did not appeal. The Defendant now challenges his sentence on the grounds that his counsel was ineffective pursuant to § 2255.

## ANALYSIS

Section 2255 provides a means by which a prisoner in federal custody may obtain collateral review of his federal-court imposed sentence. 28 U.S.C. § 2255; *see also Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir. 1983).

The Defendant's motion challenges his sentence on the grounds that his attorney was ineffective because: (1) counsel did not sufficiently consult with the Defendant; (2) counsel failed to argue the loss amount and counseled the Defendant to accept responsibility for a greater loss amount; and (3) counsel failed to argue that the Defendant's criminal history points were miscalculated. To succeed on his claim of ineffective assistance of counsel, the Defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) Defendant suffered prejudice from the unreasonable performance. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (*Coleman*)(citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Reasonableness is measured under the standard of professional norms. *Coleman*, 318 F.3d at 760 (citation omitted). "To meet the prejudice prong, [the Defendant] must show that but for counsel's error, the results would have been different." *Coleman*, 318 F.3d at 760 (citation omitted). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

The Defendant alleges that "attorney Stephen E. Eberhardt allowed five months to lapse without any attorney client communication, the defendant (Salama) made constant and numerous attempts to contact Mr. Eberhardt (Attorney) with no success."[1] The Defendant does not claim

---

[1] In the Memorandum of Law in Support of his §2255 motion, the Defendant further argues that when the Defendant petitioned for new counsel, "The Court at that time was [sic] [not] willing to do so with the terms that would allow a new attorney adequate time to prepare for trial and it would schedule the defendants [sic] trial in a week after doing so." In essence, the Defendant asserts that this Court deprived him of the right to counsel of his choosing because the Court was unwilling to continue the trial date for a fourth time (the trial was previously continued on November 18, 2003; December 3, 2003; and February 18, 2004). However, this was not raised in the Defendant's motion and is not properly now considered by the Court. It should be noted, however, that the Court, in making this determination, considered, *inter alia*, the Defendant's request for further continuance of the trial, as well as the rights of the Co-Defendant to a speedy trial.

3

any actual harm that resulted from this alleged lack of contact. At the February 3, 2004 hearing, Eberhardt reported to the Court that he had a two-hour meeting with the Defendant on January 21, 2004, during which they discussed all of the Defendant's concerns. Eberhardt also addressed each of the Defendant's concerns, stating with specificity the reasons why he did or did not (or could not) file the motions requested by the Defendant. Further, Eberhardt reported that he also communicated with the Defendant by letter. The Defendant did not dispute Eberhardt's statements. Even if his attorney's performance could be found to be below an objective standard of reasonableness (which it does not), there is no indication that the Defendant suffered prejudice.

The Defendant claims that his counsel failed to argue the loss amount relevant to the offense and counseled the Defendant to accept the plea and take responsibility for a greater loss amount. In his plea agreement, Defendant admitted to the conduct underlying the conviction and the loss calculation. Plea, ¶ 15. Defendant agreed that the offense level was increased 22 levels because the loss amount and intended loss were more than $20,000,000 but less than $50,000,000. Plea, ¶ 6(b). Defendant acknowledged, at the time of his guilty plea, that he understood and voluntarily accepted each and every term and condition of the plea agreement. Plea, ¶ 25. "In order to show prejudice from ineffective assistance of counsel that led to the entering of a plea, the defendant must establish through objective evidence a reasonable probability that, but for counsel's advice, he would not have accepted the plea." *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996).

Defendant's assertion that his attorney was ineffective at the sentencing hearing because he failed to argue that the Defendant's criminal history points were miscalculated is factually incorrect. In fact, the Defendant's attorney *did* raise the issue that the criminal history points were miscalculated, first in the written objections to the Presentence Investigation Report and then again orally during the sentencing hearing. While Eberhardt did not orally repeat the specific argument contained in the brief during the sentencing hearing, this Court considered the objections and overruled them. In fact, the Defendant raised this same objection in Defendant's motion to vacate his sentence, pursuant to Rule 60(b)(6), on April 11, 2005. The Court again denied the Defendant's request on June 1, 2005. As a result, even if (contrary to the evidence) his attorney's performance fell below an objective standard of reasonableness, there is clearly no indication that the Defendant suffered prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

Dated: April 26, 2006

JOHN W. DARRAH
United States District Court Judge